IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DANIEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-3233 |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

On March 6, 2020, United States Magistrate Judge Tom Schanzle-Haskins entered a Report and Recommendation which recommended that Plaintiff's Complaint be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 4(m).

Pending also is the Defendant's motion to dismiss.

I.

On October 2, 2019, Plaintiff Daniel Williams filed his Complaint against the Social Security Commissioner. On January 23, 2020, Judge Schanzle-Haskins entered a Text Order noting that the court file did not reflect proper service upon Defendant and, under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a

1

defendant within 90 days of filing the complaint. Because more than 90 days had passed, Judge Schanzle-Haskins directed Plaintiff to file a status report by February 7, 2020 to show cause why the case should not be dismissed for want of prosecution. There was no further docket activity until Judge Schanzle-Haskins entered the Report and Recommendation on March 6, 2020. Under 28 U.S.C. § 636(b)(1), the Plaintiff had 14 days to object to the Report and Recommendation. The Plaintiff did not file objections to the Report and Recommendation.

A March 17, 2020 "Remark" in the docket states that an attorney assisting the pro se Plaintiff had called the Clerk and had mailed a motion for extension of time to file a status report. The attorney (most likely Burke Bindbeutel) also stated that Defendant had been served. A March 23, 2020 "Clerk's Notes" entry provides that the Clerk who spoke to counsel on March 17, 2020 was unaware that counsel had previously spoken with another Clerk. Counsel had, in fact, emailed a motion for extension of time to file a status report on February 6, 2020. The motion was held for several weeks and not docketed pending Attorney Bindbeutel's submission of attorney admission documents.

Attorney Bindbeutel's email is attached to the Plaintiff's response to Defendant's motion to dismiss. The email sought an extension to file a status report pending counsel's admission to the Central District of Illinois. The email also noted that Defendant would be served soon.

Rule 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Based on the representations of an attorney who was assisting the pro se Plaintiff, the Plaintiff did make an attempt prior to the expiration of the deadline to obtain an extension in which to file a status report and apparently was in the process of serving the Defendant. Because of those factors and in deference to the Plaintiff's pro se status, the Court declines to dismiss the action for want of prosecution.

## II.

The Defendant has also filed a motion to dismiss, asserting that Plaintiff's complaint was filed outside the limitations period. After the Appeals Council declined to assume jurisdiction of the case on July 26, 2019, the Plaintiff had 60 days from that notice (plus five days to allow for receipt of the notice) to file a civil action. On October 2, 2019, this action was filed. The claimant has 60 days after the Commissioner's final decision to file a civil action. *See* 42 U.S.C. § 405(g). The date of receipt of an Appeals Council action is presumed to be five days after the date of such notice, unless shown otherwise. 20 C.F.R. § 404.901; *see also* 20 C.F.R. § 422.210(c).

In deciding a motion to dismiss, the Court may take judicial notice of matters in the public record. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003). The Defendant claims that, assuming the Plaintiff received the letter five days after it was sent, he had until Monday September 30, 2019 to file the complaint. The complaint was not filed until October 2, 2019, two days after the deadline. The pro se Plaintiff attached the envelope to the complaint [d/e 1], which provides that it was sent via United States Postal Service Priority Mail 3-Day on September 30, 2019. Accordingly, it was mailed within 60 days of the Commissioner's final decision, but not received until 62 days had passed.

The 60-day limitations period contained in § 405(g) is not jurisdictional but rather constitutes a period of limitations. *See Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986). The limitations period is subject to equitable tolling in a proper case. *See id.* at 480.

The general rule is that the date on which a pleading is received by the clerk—and not the date on which the pleading was mailed--is the date that the pleading is filed in federal court. *Raymond v. Ameritech Corporation*, 442 F.3d 600, 604 (7th Cir. 2006). The "mailbox rule" applies to pleadings submitted by pro se prison inmates, *see Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015), but not pro se litigants like Plaintiff who are not incarcerated.

The Plaintiff's complaint was filed two days late. The complaint is dated September 25, 2019. It is unclear why Plaintiff apparently waited five days to mail it. In his response to the Defendant's motion to dismiss, the Plaintiff states that the equities in his case favor tolling the period of limitations. He then goes on to cite what he claims are errors in the ALJ's Decision.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Purchase v. Colvin*, 2016 WL 6963301, at *2 (S.D. Ill. 2016) (quoting *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005)). Given that the complaint was untimely by only two days, the Court might give the Plaintiff the benefit of the doubt if he provided any reason at all why the filing was late.

However, no reason is given. The Plaintiff has not responded to the Defendant's argument.

The Court cannot find that Plaintiff was pursuing his rights diligently and that an extraordinary circumstance stood in his way if the Plaintiff does not offer any reason at all for his tardiness in filing the complaint. The Plaintiff's objections to the merits of the ALJ's Decision do not address the elements he must establish in order to show he is entitled to equitable tolling for the untimely filing.

Because the Plaintiff has not asserted he was pursuing his rights diligently and that an extraordinary circumstance contributed to the late filing, the Court will grant the Defendant's motion to dismiss.

Ergo, the Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) [d/e 5] is GRANTED.

This case is Dismissed with Prejudice.

The Clerk will enter Judgment and terminate the Report and Recommendation [d/e 2].

ENTER: September 18, 2020

        FOR THE COURT:

                        /s/ *Richard Mills*
                        Richard Mills
                        United States District Judge